**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

ARTURO TAVARES-MONTELONGO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-480

Agency No.
A072-891-259

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Arturo Tavares-Montelongo, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his applications for

withholding of removal and protection under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Tavares-Montelongo did not establish a clear probability of future persecution in Mexico. *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (no clear probability of future persecution); *see also Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (petitioner's fear of future persecution was not objectively reasonable where similarly situated family members continued to live in home country unharmed). To the extent Tavares-Montelongo claims the agency applied the incorrect legal standard or otherwise erred in its analysis, we reject these contentions as unsupported by the record. Thus, Tavares-Montelongo's withholding of removal claim fails.

We do not address Tavares-Montelongo's contentions regarding the particularly serious crime bar because the BIA did not deny relief on that ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence supports the denial of CAT protection because Tavares-Montelongo failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

21-480

Tavares-Montelongo's contention that the agency erred by assigning his case to a one-member panel lacks merit. *See* 8 C.F.R. § 1003.1(e)(5).

**PETITION FOR REVIEW DENIED.**